CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 13 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLAUDE WHITT, JR., <br> Petitioner, | Civil Action No. 7:06CV00197 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, <br> Respondent. | By: Hon. Jackson L. Kiser <br> United States District Judge |

The petitioner, Claude Whitt, Jr., a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Whitt alleges that he has been denied jail credit by the Virginia Department of Corrections (VDOC). The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

Whitt is currently confined at Marion Correctional Treatment Center, where is serving a total combined sentence of nine years and two months. In his present petition, Whitt alleges that he has not received proper credit for certain time periods in which he was incarcerated at the Tazewell County Jail and the Appalachian Detention Center. Specifically, Whitt alleges that he was incarcerated at the jail from January 1, 1999 to January 16, 1999, and from September 16, 1999 to October 4, 1999, and that he should receive credit for those periods. Whitt also alleges that he was confined at the detention center from October 4, 1999 to February 18, 2000, and that he should receive credit for that period.

Whitt raised the same claim in a state habeas petition filed in the Supreme Court of Virginia on November 7, 2005. On March 30, 2006, the petition was dismissed. The Supreme

Court concluded that the record, including the affidavit of Doris L. Ewing, Senior Manager for the Court and Legal Services Section of the VDOC, demonstrated that Whitt's sentence had been accurately computed, and that he had received all of the credit to which he was entitled.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(b), a petitioner in custody pursuant to the judgment of a state court must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas relief. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

Having reviewed the record, I agree with the respondent that the decision by the Supreme Court of Virginia is entitled to deference under § 2254(d). The record reveals that Whitt was arrested for his current convictions on February 18, 2000, and that he was received by the VDOC

2

on August 14, 2002. Pursuant to Virginia Code § 19.2-310*, Whitt was awarded 744 days of jail credit for time spent in jail prior to the time in which he was convicted and received by the VDOC. Doris Ewing explained in her affidavit that the "time that Whitt spent in Tazewell County Jail and the Appalachian Detention center prior to February 18, 2000, was credited towards his jail time for two previous charges," and that Whitt was therefore not entitled to have those periods credited toward his current sentence.

Because Whitt has failed to show that the Supreme Court's decision involved an unreasonable application of clearly established federal law or an unreasonable determination of the facts, Whitt is not entitled to habeas relief. Accordingly, I will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

ENTER: This 13th day of June, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

---

*This statute provides, in pertinent part, as follows:

Any person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term all time actually spent by the person in a state hospital for examination purposes or treatment prior to trial, in a state or local correctional facility awaiting trial or pending an appeal, or in a juvenile detention facility awaiting trial for an offense for which, upon conviction, such juvenile is sentenced to an adult correctional facility. When entering the final order in any such case, the court shall provide that the person so convicted be given credit for the time so spent. Va. Code § 19.2-310.

3